IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROY T. JOHNSON, SR.,

                      Plaintiff,                    Case No. 3:14 CV 1021

-vs-

                                                  <u>MEMORANDUM   OPINION</u>

COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.

KATZ, J.

Roy T. Johnson, Sr. ("Plaintiff" or "Johnson") seeks judicial review of the final decision of Defendant, Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB"). This Court has jurisdiction pursuant to 42 U.S.C. § 405(g). The matter was referred to Magistrate Judge Kathleen B. Burke for a Report & Recommendation ("R & R") pursuant to Local Rule 72.2. The Magistrate Judge issued her outstanding R & R on May 11, 2015. On May 26, 2015 counsel for Plaintiff filed a single sentence Response to that R & R, indicating that Plaintiff would not be filing objections thereto.

This matter is now before this Court pursuant to the Magistrate Judge's R & R. Jurisdiction over the Commissioner's final decision denying Johnson's application for BID rests with this Court pursuant to 42 U.S.C. § § 405(g) and 1383(c)(3). *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006). In accordance with *United States v. Curtis*, 237 F.3d 598 (6th Cir. 2001), this Court has made a *de novo* determination of the Magistrate Judge's R & R.

For the reasons briefly stated below, the Court adopts the R & R and affirms the Commissioner's denial of benefits.

**I. Standard of Review**

This Court conducts a de novo review of those portions of the Commissioner's conclusion as to which Plaintiff objects. 28 U.S.C. § 636(b)(1). In so doing, this Court reviews the Commissioner's decision to determine whether it is supported by substantial evidence. 42 U.S.C. § 405(g). This Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 528 (6th Cir. 1997). The Court does not re-weigh the evidence, but must affirm the Commissioner's findings as long as there is substantial evidence to support those findings, even if this Court would have decided the matter differently, and even if there is substantial evidence supporting the claimant's position. See Brainard v. Sec'y of Health & Human Servs., 889 F.2d 679, 681 (6th Cir. 1989). Substantial evidence is more than a scintilla of evidence, but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Kyle v. Comm'r of Soc. Sec., 609 F.3d 847, 854 (6th Cir. 2010) (citations and internal quotation marks omitted). The Commissioner's decision is not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. Id. at 854–55.

## II. Discussion

Ordinarily, this Court would outline the factual summary of the case as set forth in the R & R. However, because there has been no objection to such factual summary as contained in the R & R, the Court will merely adopt the same. As reflected in part V Parties' Arguments in the Magistrate Judge's R & R:

> Johnson argues that reversal and remand is warranted because the ALJ erred at
> Step Two when the ALJ found that Johnson's post-operative urethral stricture and

> benign prostatic hypertrophy were non-severe impairments and/or failed to consider limitations caused by Johnson's post-operative urethral stricture and benign prostatic hypertrophy.
>
> In response, the Commissioner argues that the ALJ did not err in finding Johnson's genitourinary impairments to be non-severe and/or in not including limitations relating to those impairments in the RFC. \*\*\*

R & R pp. 15-16.

A reviewing Court is required to affirm the Commissioner's conclusions absent a determination that the Commissioner failed to apply the correct legal standings or has made findings of fact unsupported by substantial evidence from the record. According to U.S.C. 405(g); *Wright v. Massanari,* 321 F.3d 611, 614 (6th Cir. 2003). The Magistrate Judge, after a thorough analysis, determined that in light of the vocational expert's testimony regarding the ordinary length and frequency of breaks during the work day, Johnson had not demonstrated that the ALJ's RFC assessment inadequately accounted for alleged limitations caused by his prostate and urinary impairments or that the RFC was not supported by substantial evidence.

For the reasons adequately and correctly set forth in the Magistrate Judge's R & R , and further because Johnson filed no objections thereto, this Court will adopt in full the Magistrate Judge's Report and Recommendation and the Commissioner's denial of Mr. Johnson's application for Disability Insurance Benefits is affirmed.

IT IS SO ORDERED.

    s/ *David A. Katz*
    DAVID A. KATZ
    U. S. DISTRICT JUDGE